## DUFF et ux. v. DAVIS et al.
### No. 2561.

Court of Civil Appeals of Texas. Beaumont.
April 25, 1934.

Rehearing Denied May 2, 1934.

J. F. Battaile, of Houston, and V. A. Collins, of Livingston, for appellants.

Feagin & Feagin, of Livingston, and L. C. Kemp, of Houston, for appellees.

O'QUINN, Justice.

Appellees, Wirt Davis and R. C. Holmes, brought this suit in the district court of Polk county against appellants, J. T. Duff and wife, Irma Duff, in trespass to try title to about 50 acres of land, a portion of the A. Viesca seven-league grant situated in said county.

Appellants answered by general demurrer, and plea of not guilty. By cross-action they sought to enforce specific performance of a written contract relating to said land, alleging that said contract provided for the sale and conveyance of same to appellants.

The instrument is an acknowledgment of tenancy and contained an option to convey in favor of appellant J. T. Duff under certain conditions. It reads:

"The State of Texas, County of Polk

. "Know all men by these presents: That I, Talmage Duff, of the County of Polk, State of Texas, in consideration of Thompson & Tucker Lumber Co., owning the title to the tract of land hereinafter described, and permitting me to use, occupy and enjoy said premises by lease hereby acknowledged myself as tenant at will of the said Thompson & Tucker Lumber Company of Harris County, Texas, of the following described tract or parcel of land, lying and being situated in Polk County, Texas, to-wit:

"What is known as the Quarles 1500 acre tract of land, being a part of the A. Viesca 7 league grant, fully described in a deed by the Quarles heirs to the Thompson & Tucker Lumber Company.

"It is understood and agreed that if this tenancy shall continue for as long as a period of five years, then at the expiration of said five years the said Talmage Duff shall have the option of buying as much as 50 acres of land, to include the improvements placed thereon by him, at such price and terms as the parties may agree upon; subject to all timber rights and right of way privileges which the said Thompson & Tucker Lumber Company, or its assigns and representatives may wish to reserve; provided that this contract shall in no manner interfere with the sale of said 1500 acre tract, and provided further that the said Talmage Duff, his heirs or assigns, shall only have the refusal of said 50 acres, at the expiration of said period of five years, at such price and terms as the Thompson & Tucker Lumber Co., its successors or assigns, may have the opportunity of selling the same to someone else; the title to which I hereby acknowledge to be in said Thompson & Tucker Lumber Company.

"And I do hereby agree to hold possession of the above described tract of land as tenant of the said Thompson & Tucker Lumber Co. their heirs and assigns and to look after and protect the timber thereon from trespassers, and to report any and all trespassing and depredations on said land and premises to the said Thompson & Tucker Lumber Co., their heirs and assigns; and in consideration of my possession of said land to use, occupy and cultivate such portion thereof as I now have inclosed, or may hereafter inclose with the written consent of said Thompson & Tucker Lumber Co. It is agreed and understood that this lease of tenancy shall continue at the will and sufferance of the said Thompson & Tucker Lumber Co., their heirs and assigns, who reserve the right to terminate it at any time, subject to the condition above stated.

"Nothing contained herein shall prevent said Thompson & Tucker Lumber Co. their heirs and assigns, from going on or remaining upon said land, nor cutting the timber, therefrom, nor any purpose whatsoever.

"I further agree that any right, title or claim in and to said premises that I may have acquired by occupancy or otherwise, or attempt to acquire in and to said premises hereafter shall inure to the benefit of said Thompson & Tucker Lumber Co. their heirs and assigns; and for and in consideration of the premises, and the further use and occupancy of said premises at the will of said Thompson & Tucker Lumber Co. I hereby grant, bargain, sell, release and convey to the said Thompson & Tucker Lumber Co., their heirs and assigns, all of my right, title and claim thereto, to have and to hold unto said Thompson & Tucker Lumber Co., their heirs and assigns forever.

"Witness my hand this 18th day of November, 1922.

"[Signed] Talmage Duff."

This instrument was properly acknowledged by Duff and placed of record the day of its execution.

Cross-plaintiffs alleged a compliance with and performance of all the conditions precedent to their right to maintain suit for specific performance and to compel the execution of a deed to them to a specific 50 acres of land described by them in their cross-petition. They alleged that they remained on the land more than five years continuously after the date of the execution of said contract, protecting said land from depredations by trespassers, in reliance upon their right and option to buy 50 acres as recited in said tenancy contract, and had made valuable improvements thereon, and that in June of 1930 they advised the Thompson & Tucker Lumber Company, and its assigns, in title, particularly appellee Wirt Davis, of their exercise of their option to purchase said 50 acres; that appellees refused to comply with said agreement to make deed to them to said 50 acres of land, and denied their right, under said tenancy contract, to buy said land. They further alleged that they were then and had always "stood ready, willing and able" to pay the price stipulated and agreed to be paid for the land in the event they exercised their option to purchase the land; that under the contract it was their right and option to select said 50 acres of land, limited to include the improvements placed by appellants upon the land, and set out by metes and bounds the 50 acres so selected, and prayed for judgment compelling appellees to comply with said contract and to make deed to them for said 50 acres of land.

By supplemental petition, appellees answered appellants' cross-action by general demurrer, and certain special exceptions, to wit:

"(3) These plaintiffs specially except to said cross action for the reason that said cross action shows on its face that defendants' cause of action, if any they ever had, accrued more than four years prior to the date of filing this cross action and is barred by the four-years statute of limitation relating to actions for specific performance.

"(4) These plaintiffs further specifically except to said cross action for the reason that the defendants show in said cross action that the purported contract upon which they rely and which was attached to their answer and marked Exhibit 'A' is too indefinite as to the option agreement or agreement to purchase and does not contain sufficient terms to authorize this court to enter a judgment specifically enforcing the said contract for the following reasons:

" '(a) That said contract does not state the price to be paid for said lands.

" '(b) That said contract does not describe or identify the fifty (50) acres which purports to be the subject matter of said contract.'

"(5) Plaintiffs specifically except to said cross action for the reason that said cross action shows on its face that if defendants ever had any right to specifically enforce said contract, same has been lost by laches and that their effort to secure specific performance of said contract is stale demand and cannot in equity be enforced."

They further answered by general denial of all the allegations in appellants' cross-action, except that appellant J. T. Duff executed the tenancy contract in question, pleaded the four-years statute of limitation against appellants' right to specific performance, and pleaded laches and stale demand in bar of said right. They further answered pleading various defenses, which, in view of the disposition we are making of the case, are not necessary to be set out.

The case was tried to the court without a jury. It was agreed that the legal title to the land was in appellees, Davis and Holmes. Judgment was entered in favor of appellees for the title and possession of the land described in appellants' cross-action, and denying them any relief as sought in their cross-action, and sustaining the general demurrer

and all special exceptions leveled against cross-plaintiffs' petition, and the cross-plaintiffs declining to amend, dismissed their suit. The case is before us on appeal.

 By reference to the contract of tenancy executed by J. T. Duff, set out above, it is seen that the option granted him to purchase the land is mentioned twice: (a) "It is understood and agreed that if this tenancy shall continue for as long as a period of five years, then at the expiration of said five years the said Talmage Duff shall have the option of buying as much as 50 acres of land, to include the improvements placed thereon by him, at such price and terms as the parties may agree upon * * *"; (b) "* * * and provided further that said Talmage Duff, his heirs or assigns, shall only have the refusal of said 50 acres, at the expiration of said period of five years. * * *"

We think it clear that the option to buy must have been exercised by Duff at the expiration of five years, or at most within a reasonable time thereafter. The tenancy contract containing the option was dated November 18, 1922. The five years expired November 18, 1927. At said date Duff did not elect to exercise his option, but waited until June, 1930, when he alleged he notified appellees, who had purchased the land from the Thompson & Tucker Lumber Company, that he desired to exercise his option, and they refused to consider same. Appellant's right to exercise his option to purchase the land accrued at the expiration of five years, or on November 18, 1927. His right of action to compel performance of the contract accrued on same date. According to his own allegations he did not exercise this option at that time, but waited until June of 1930, nearly three years after the right accrued. He took no action to compel performance of the contract until in 1933 when he was sued for the land, and then by cross-action set up his right to purchase the land under the option in the tenancy contract. This was more than five years after his right of action had accrued. Article 5531, R. S. 1925, provides:

"Any action for the specific performance of a contract for the conveyance of real estate shall be commenced within four years next after the cause of action shall have accrued, and not thereafter."

Appellees pleaded, both by special exception and special plea in answer, this statute of limitation in bar of appellants' asserted cause of action. It appearing without dispute that more than four years had elapsed after appellants' cause of action accrued, the court correctly sustained the exception and entered judgment for appellees.

But appellants insist that the court erred in sustaining the plea of limitation, because, they say, the contract of tenancy was a continuing one, and, as appellants continued to occupy the land as tenants of appellees until the suit was filed, their right to exercise their option of purchase continued as well and they could exercise same at any time during their tenancy after five years. They base their contention upon this clause in the tenancy contract:

"It is agreed and understood that this lease of tenancy shall continue at the will and sufferance of said Thompson & Tucker Lumber Co., their heirs and assigns, who reserve the right to terminate it at any time, subject to the conditions stated."

This contention is without merit. It is true that the tenancy contract was a continuing contract in so far as the tenancy feature was concerned, but the contract did not provide that the option to buy was for or during the life of the contract of tenancy, but, to the contrary, it twice provided in plain terms that the option to buy was "at the expiration of five years" from the date of the contract, or on November 18, 1927. In one of these provisions that fact was emphasized, it stating: "And provided further that the said Talmage Duff, his heirs or assigns shall only have the refusal of said 50 acres, at the expiration of said period of five years." It appears too plain for cavil, we think, that it was the intention of the parties, and so understood by them, that the option to buy was to accrue at the end of five years of tenancy and was then to be exercised. The contention that in this species contract time is not of the essence of the contract is not sound. 10 Tex. Jur. § 240, pp. 419, 420 (and authorities cited, note 18, p. 420); 13 C. J. 688; 66 C. J., subject, Vendor & Purchaser, § 27, p. 502 (and authorities cited in note 57).

What we have said disposes of the case and renders it unnecessary to discuss the other questions presented. The judgment is affirmed.