## Barr, Appellant, v. Deiter.

Argued June 8, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*James J. Rattigan*, with him *Cletus C. Kilker*, for appellant.

*John T. Pfeiffer, III*, with him *D. J. Boyle*, for appellee.

OPINION BY GUNTHER, J., September 16, 1959:

This appeal is from the final decree of the Court of Common Pleas of Schuylkill County refusing a decree for specific performance of an option to purchase real estate.

Appellant, Edna M. Barr, together with her husband, Scott H. Barr, now deceased, by deed dated May 3, 1941, granted and conveyed certain tracts of land and the buildings erected thereon to appellee, Allen L. Deiter and his wife, Pauline Deiter, now deceased, for a consideration of $1.00. The actual consideration of such transfer was $1,800.00 representing the balance due by appellant and her husband to the First National Bank of Hegins, Pa. On the same day, appellee and his wife entered into a written lease agreement with appellant and her husband, the terms of said lease being "an indefinite period commencing the first day of May,

1941," for a monthly rental of $8.00. The lease agreement also contained an option in favor of appellant and her husband to purchase the property as follows: "It is agreed by the first party (appellee) that the second party (appellant) may purchase the above described properties from the first party at any future time that they so desire by paying therefore the same price as paid by the first party to the second party, when they purchased it from them. If the first party desire to sell the same it is hereby agreed by the first party that the second party shall have the first option of buying the same under the conditions and terms as stated above."

Appellant and his wife, prior to the transfer of title on May 3, 1941, lived on the premises here involved and have continued to live there during the entire period up to the present time. Pauline Deiter was a daughter of appellant, who died on December 11, 1945, and the appellee remarried on September 28, 1946.

After the transfer of title to the property in question, appellee discovered that delinquent taxes were due and owing on the premises for the years 1937 and 1939 in the total amount of $128.35. These taxes were cleared by appellee. In addition to the taxes and the debt paid off in the amount of $1,800.00, appellee made valuable improvements on the property over a period of 15 years amounting to approximately $7,600.00. Of this amount, $2,390.00 was expended for repairs and improvements to the premises; approximately $5,000.00 was expended for fertilizers to improve the soil; $230.00 was expended for the removal of old fruit trees. In addition, appellee expended his own labor and that of his family and friends in clearing the land from weeds, planting cover crops and making usable approximately 40 acres which had been permitted to run down. He divided the fields into a number of sections to remedy soil erosion.

458

Appellant paid rent in the amount of $8.00 per month from May, 1941 to January, 1952. At that time, appellee orally informed appellant and her husband that he could no longer rent the dwelling to them for less than $20.00 per month, and appellant paid $20.00 per month rent from January, 1952 to January, 1956. From that time on, appellant paid no rent but admitted that rent in the amount of $140.00 to August 31, 1956, was due and owing.

On October 26, 1956, appellant and her husband filed a complaint in equity alleging that on August 3, 1956, they informed appellee of their intention to purchase the premises in accordance with the option mentioned in the lease agreement, and that they were ready and willing to make a tender in the sum of $1,800.00, being the amount due, but that appellee refused to accept the same and refused to reconvey the property. They asked the court below to decree specific performance. Answer was filed to the complaint, alleging the various improvements and expenditures that were made to the property over a period of fifteen years and alleging that for a period of fifteen years appellant and her husband made no attempt to exercise the option and permitted him to make valuable improvements to the property and lulled him into a belief that they had abandoned and surrendered their rights under the option granted in the lease. He further alleged that severe hardship and injustice would result to him if a decree for specific performance were entered. He further alleged that by reason of the oral agreement to pay increased rental for the property, the old lease agreement and all its terms were terminated.

A hearing was held on the complaint and answer, testimony taken, and findings of fact and conclusions of law were filed by the court below. Appellant took no exceptions to the findings of fact but only to the

conclusions of law and the decree dismissing the complaint and denying specific performance.

On this appeal it is contended that appellant did not abandon or waive her rights to exercise the option and that specific performance would not be inequitable or work a hardship on appellee notwithstanding he has improved and expended considerable sums for improvement and repairs.

Since no exceptions were filed to the findings of fact on which the decree was based by the court below, the findings will not be disturbed here and the only question is whether the findings support the decree. *McLaughlin v. School District of Borough of Lansford et al.*, 335 Pa. 17, 6 A. 2d 291; *Oil City National Bank, Exr. v. McCalmont, Exr.*, 303 Pa. 306, 154 A. 497. The question before us, therefore, is whether the court below was justified in entering the decree it did on the facts developed and referred to above.

We have stated that specific performance is discretionary with the court, and it is properly withheld where it appears that hardship and injustice will result. *In re Frederick's Estate*, 156 Pa. Superior Ct. 547, 41 A. 2d 59. In *Merritz v. Circelli*, 361 Pa. 239, 64 A. 2d 796, and the cases therein cited, the Supreme Court has uniformly held that the chancellor may relegate a party to his remedy at law if in the exercise of a reasonable discretion the chancellor believes that specific performance of a contract is contrary to equity and justice. There is no denial here that the property has appreciably increased in value from 1941 to 1956, and this is so regardless of the valuable improvements made and the monies expended. While $1,800.00 may have been adequate consideration for the exercise of the option to reconvey, it does not follow that in 1956, the same amount may be adequate consideration. In the fifteen years that have elapsed, appellant has knowing-

ly permitted the expenditures of large sums of money and valuable improvements to be made on the property without saying or doing anything relative to the exercise of the option. Nor has she given any explanation or excuse for waiting all these many years before exercising the so-called option. She may not knowingly permit these valuable improvements to be made and then demand of the appellee, who had in the meantime been lulled into the belief that these improvements were made on his own property, that he turn back the property for the same price that has been paid back in 1941. Such is neither equitable nor just under these circumstances. While no rule applicable to all cases can be announced, specific performance will be withheld where it appears hardship or injustice will result to either of the parties. *Welsh v. Ford*, 282 Pa. 96, 127 A. 431; *Spotts v. Eisenhauer*, 31 Pa. Superior Ct. 89.

We turn now to the question whether appellant abandoned or waived her rights to exercise the option. The option here involved did not specify a time of performance. In this respect, at least, the option was vague and indefinite. This type of option may be clearly distinguished from those contained in a lease agreement which has a definite term as in the latter, the term of the lease designates with certainty the time within which the option may be exercised. Here, however, the lease designated no specified time and, in the absence of such designation, the option contained therein had to be exercised in a reasonable time considering all the circumstances. And while what a reasonable time may be under any given circumstance is not capable of exact definition, we conclude that fifteen years under the circumstances of this case was too long to exercise the option. Especially is this so when appellant permitted the large expenditures and improvements to be made. Appellant's conduct was such as to induce appellee to

suppose that the option had been abandoned. Parties to a written contract may abandon, modify or change it either by words or conduct. *Elliott v. Lindquist,* 356 Pa. 385, 52 A. 2d 180; *Jacobs v. School District of Wilkes-Barre Twp.,* 355 Pa. 449, 50 A. 2d 354. While an abandonment or waiver is not ordinarily presumed in the absence of an express agreement, if the conduct of the opposite party has been such as to mislead one, to his prejudice, into an honest belief that such a waiver or abandonment was either intended or consented to, it will be presumed. *Dougherty v. Thomas,* 313 Pa. 287, 169 A. 219. Delay in pressing a claim may be evidence relevant to the issue of a claim's abandonment, but such delay does not give rise to a conclusive presumption. *Dougherty v. Thomas,* supra. Since the evidence produced more than amply justifies the conclusion of the court below that the option was either waived or abandoned, we are not disposed to disturb such adjudication.

We agree with the court below that there was ample credible testimony to justify the refusal of a decree for specific performance. We find no error in the adjudication.

Decree affirmed.