B-Automotive Company, Appellant, *v.* Harrison.

Argued January 15, 1971. Before BELL, C. J., JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

*Edward Kassab,* with him *Kassab, Cherry, Curran and Archbold,* for appellant.

*John H. Toal,* with him *Toal and Toal,* for appellee.

OPINION BY MR. JUSTICE POMEROY, June 28, 1971:

The narrow question for decision on this appeal is whether the exercise by appellant of an option granted by appellee to purchase certain real estate was timely.

The relevant facts, as set forth in appellant's complaint, are as follows: Appellee's decedent as lessor and appellant's assignor as lessee entered into a lease agreement dated January 21, 1961 covering certain commercial property in Haverford Township, Delaware County. The lease was for a term of ten years, and in paragraph 16 contained an option to purchase reading as follows: "Lessor and Lessee mutually agree that Lessee shall upon the expiration of Five (5) years of the term of this Lease, have the option to purchase the demised premises for the sum of Forty Thousand Dollars ($40,-000), provided Lessee shall give Lessor Thirty (30)

days written notice of Lessee's intention to exercise said option." On November 21, 1969, appellant purported to exercise the option by written notice to appellee calling for settlement on January 5, 1970. Appellee refused to convey, notwithstanding a tender by appellant on the date and at the place indicated in the notice of November 21 of the purchase price established by the option agreement. This suit for specific performance was then brought. Appellee filed preliminary objections in the nature of a demurrer which were sustained by the trial court, and the complaint was dismissed. This appeal followed.

The appellant contends that the language of paragraph 16 of the lease, quoted above, gave the lessee of the demised premises an option to purchase at any time during the second five years of the ten year term of the lease. We agree with the lower court that the language of paragraph 16 is not ambiguous, and that its proper interpretation is that exercise of the option had to be immediately following, or very soon after the expiration of the first five years of the ten year term. The key word is "upon". Appellant would read this as designating the commencement of a period extending to the end of the term, as the equivalent, for example, of "from and after". This disregards the normal acceptation of "upon".[1] As observed by the lower court, we are not called upon to determine exactly when the option here involved expired, but "the attempted exercise of the

---

[1] Webster's Second International Dictionary of the English Language (Unabridged):

"2. With little or no interval after."

Webster's Third International Dictionary of the English Language (Unabridged):

"3. Immediately following or very soon after."

The Random House Dictionary of the English Language (Unabridged):

"4. On the occasion of, at the time of, or immediately after."

option more than three years after it became exercisable was not timely." Cf. *New Eastwick Corp. v. Phila. Builders Eastwick Corp.*, 430 Pa. 46, 241 A. 2d 766 (1968); *Baker v. Brennan*, 419 Pa. 222, 228, 213 A. 2d 362 (1965); *Detwiler v. Capone*, 357 Pa. 495, 55 A. 2d 380 (1947); *Barr v. Deiter*, 190 Pa. Superior Ct. 454, 154 A. 2d 290 (1959). See *Duff v. Davis*, 70 S.W. 2d 836 (Tex. Civ. App. 1934).

Under paragraph 17 of the lease agreement appellant was entitled, should the lessor acquire certain additional property adjacent to the demised premises, to have such property included in the lease at any time within one year of such acquisition, and was given an "additional option to purchase said land under the same conditions set forth in paragraph 16, and upon the payment of an additional one thousand dollars ($1,000.-00) in consideration." Appellant argues that since such an acquisition might have occurred at any time after the expiration of five years, and before the expiration of the ten year term, paragraph 17 indicates an intention of the parties that the option provision of paragraph 16 was operative for the same period. We cannot agree. Whether the lessor would ever become the owner of this additional parcel was purely conjectural. If it did become the owner, and if the lessee elected to have it added to the leased property, and if the lessee thereafter decided to purchase the additional property, it would do so upon the payment of one thousand dollars. This undertaking was independent of that in paragraph 16. Were it not so, the basic option extended by paragraph 16 would be negated because it could not be exercised until it had been determined whether the lessor had obtained the property referred to in paragraph 17. Such determination might not be until the termination of the lease.

The interpretation of written instruments, the ascertainment of the meaning of words, is often a matter

of considerable difficulty, as the opinions of this Court demonstrate. The case before us presents no such difficulty. The attempted exercise almost four years following the expiration of the first five years of the lease term was by no stretch of language an exercise "upon the expiration" of five years.

Decree affirmed; costs on appellant.

Mr. Chief Justice BELL concurs in the result.