## Santa Corporation, Inc. v. DiPaolo

*Raymond J. Quaglia*, for plaintiff.
*David N. Bressler*, for defendants.

WILSON, *J.*, August 24, 1978—This action for specific performance is brought by a tenant whose lease contained a first refusal option to purchase. The action is being brought by the Santa Corporation, Inc. against the original owner and lessor of the building, Ron-Sin Corporation, and against Camillo and Antoinette DiPaolo, who purchased the property. Plaintiff, Santa Corporation, Inc., claims that due to misrepresentation by defendants, Camillo and Antoinette DiPaolo and Ron-Sin Corporation, it was effectively precluded from exercising the first refusal option. Plaintiff is bringing this action to set aside the deed vesting title in the property and to have it reconveyed to them.

Plaintiff also wants defendants, Camillo and Antoinette DiPaolo, to account for all profits, rents and insurance proceeds issuing from the property.

Defendants deny that plaintiff has performed all conditions precedent necessary to recovery in the instant action, and so should be denied relief. Defendants allege that plaintiff is barred from recovery by the equitable doctrines of laches and/or estoppel.

On March 26, 1969, plaintiff entered into a 10-year lease beginning January 1, 1969, for the first floor and basement of the subject premises at 115-117 South 19th Street, Philadelphia, Pa. A provision giving the lessees a first refusal option to purchase was included in a rider to the lease agreement: "31. Lessee shall have the right of first refusal in the event Lessor intends to transfer, sell or convey the herein demised premises; and Lessor shall give Lessee written notice of any bona fide offer to purchase said premises and *Lessee shall have 30 days to meet the terms and price of said offer*." (Emphasis supplied.)

On or about April 17, 1972, defendant's lawyer, Howard N. Criden, Esq., notified plaintiff by letter of Ron-Sin Corporation's intention to sell the entire building at 115-117 South 19th Street, Philadelphia, Pa. The letter, a copy of which was also sent to Leo Loffel, Esq., attorney for Santa Corporation, Inc., indicated that defendant, Ron-Sin Corporation, had a bona fide offer to purchase the premises for $123,000, the consideration to be "all cash," and settlement to take place on or about June 1, 1972. He warned plaintiff that unless defendant, Ron-Sin Corporation, heard from them within 30 days, it would assume that plaintiff did not wish to exercise its right of first refusal, and the sale to the DiPaolos

would be consummated. This letter, a copy of which was sent to plaintiff's attorney, Leo H. Loffel, Esq., was addressed to plaintiff and sent by registered mail. This letter was returned unclaimed. Defendant's attorney, Howard N. Criden, Esq., also talked to plaintiff's attorney, Leo H. Loffel, Esq., over the phone and sent two more notification letters, one to plaintiff and one to Leo H. Loffel, Esq., attorney for plaintiff. Mr. Criden stated that Mr. Loffel had told him over the phone that there was "no possibility that the Santa Corporation was interested in acquiring the property." (See Criden deposition, p. 11).

Plaintiff alleges that defendants "maliciously conspired" to mislead them and "so misrepresented the terms of said transaction as to effectively preclude plaintiff herein from exercising its right of first refusal . . ." Plaintiff's complaint, p. 2. Plaintiff alleges that it was notified that the sale would be an "all cash" transaction for $123,000. The actual sale included the assignment of an existing mortgage of $76,743.45, to be due in 10 months, and the payment in cash of the remainder of $46,256.55. When Mr. Criden was asked if he considered the assignment of an existing mortgage to be a cash sale, he replied in the affirmative. Criden deposition p. 12.

This court has to agree that the settlement could correctly be considered an "all cash" one since the seller was to receive only cash; Citizen Bank, which was handling the mortgage, would pay the largest amount in cash and defendants, Camillo and Antoinette DiPaolo, would pay the balance. If plaintiff had been genuinely interested in purchasing the property, it could have made a timely inquiry into what the terms of the agreement of sale

meant, including the phrase "all cash." Plaintiff made no inquiries into *any* of the terms of the agreement of sale, however, including the money terms.

The option in the lease has a clearly defined time limit; plaintiff had 30 days to meet the terms of the bona fide offer Ron-Sin Corporation had received from the DiPaolos. Since notice of the intent to exercise the option was not given within 30 days specified in the agreement, the option expired: Evans Products Co. v. Swanger, 363 F. Supp. 808 (E.D. Pa. 1973). Plaintiff would not even have had to notify Ron-Sin Corporation in writing, a mere telephone call or other oral communication would have been sufficient: 51 C.C.J.S. 247, §82(2); 21 P.L.E. 569, §133. Instead, plaintiff waited approximately 18 months, after the premises had been destroyed by a fire for which it was uninsured, to indicate any interest in the first refusal option. An attempted exercise of the option after the prescribed period is too late: B-Automotive Co. v. Harrison, 443 Pa. 360, 278 A. 2d 890 (1971); Cities Service Oil Co. v. Haller, 393 Pa. 26, 142 A. 2d 163 (1958).

This court must hold that plaintiff is barred from relief because its option had expired in June, 1972, when the sale was consummated, and plaintiff is also barred from relief due to the operation of the equitable doctrines of waiver and estoppel.

Waiver is based on the principle that a party who has, or is capable of acquiring full knowledge of the facts should not be permitted to act in a manner inconsistent with his former position: 14 P.L.E. 205, §28. As waiver is often a question of intent and knowledge, it is usually defined as a relinquishment of a known right or privilege; for example, in

this case, plaintiff waived the right of exercising its first refusal option to buy. A waiver may be express or implied. In the instant case, plaintiff's silence constituted an implied waiver of the option.

Equitable estoppel is the doctrine by which the complaining party is barred from changing his position to the detriment or prejudice to the other party: 14 P.L.E. 205, §21. In the instant case, the Santa Corporation was silent when it had an affirmative duty to speak within 30 days of receiving notice that an offer to purchase had been made. Estoppel is created by silence when there is an affirmative duty to speak and when the silence is relied upon to the detriment of the party claiming the estoppel: Brown v. Haight, 435 Pa. 12, 225 A. 2d 508 (1969); In Re: Watt Estate, 409 Pa. 44, 185 A. 2d 781 (1962). Obviously, plaintiff's silence prejudiced defendants. Ron-Sin Corporation and the DiPaolos went ahead and consummated the sale, believing that plaintiff had waived forever its right to exercise the option. After buying the property, the DiPaolos spent approximately $36,000 for improvements, and took the risk of success or failure of the undertaking of a new business venture. Courts in this state have held that undertaking the risk of success or failure of an enterprise is prejudice: GAF Corp. v. Amchem Products, Inc., 399 F. Supp. 647 (E.D. Pa. 1975); Siegel v. Engstrom, 427 Pa. 381, 235 A. 2d 365 (1967).

Plaintiff is estopped from changing its previous position 18 months after indicating, by its waiver of the option, that it did not want to purchase the property.

Unlike the doctrines of waiver and estoppel, laches is not applicable to the instant case. There is

insufficient evidence to support defendants' contention that plaintiff could have brought suit much earlier.

This court holds that plaintiff's contentions are without merit; therefore, we deny its requested relief and enter an order accordingly.

### ORDER

And now, August 24, 1978, this court finds for defendants, Camillo and Antoinette DiPaolo and Ron-Sin Corporation, against plaintiff, Santa Corporation, Inc., in accordance with the court's accompanying opinion.