J-A07041-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| CARL P. WAGNER AND MARY CAROL WAGNER, HIS WIFE, AND JAMES R. WAGNER | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellees | |
| v. | |
| LARRY G. KNAPP AND BEVERLY M. KNAPP, HIS WIFE | |
| Appellants | |
| v. | |
| SPENCER, GLEASON, HEBE & RAGUE | |
| Appellee | No. 1191 MDA 2013 |

Appeal from the Orders dated June 27, 2012 and June 28, 2013
In the Court of Common Pleas of Tioga County
Civil Division at No: 1169 CV 2008

BEFORE: GANTMAN, P.J., DONOHUE, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED OCTOBER 14, 2014**

This case concerns title to oil, gas, and mineral rights to land in Tioga County. Larry G. and Beverly M. Knapp (Appellants), defendants below, appeal from two orders granting summary judgment to Carl P., Mary Carol, and James R. Wagner (the Wagners), plaintiffs below, and to Spencer, Gleason, Hebe & Rague (the Law Firm), additional defendants below. After review, we affirm.

In the 1970s, Appellants, who own land near Wellsboro, Tioga County, executed at least 15 separate agreements to sell subdivided plots of their land. Appellants wanted to reserve the mineral, gas, and oil rights to their land because they had information that a large deposit of oil, gas, or water lay beneath it, based on a seismographic survey.

Despite their stated intentions, Appellants never read the agreements of sale or the deeds before they signed them. They claimed that they relied solely on Gary Gleason, Esq., now deceased but then a partner of the Law Firm, to prepare the deeds. Appellants assumed that their mineral, gas, and oil rights were reserved. They were not. In the transactions relevant to this case, the deeds gave to the grantees one-half of the mineral, gas, and oil rights up front. The deeds gave the grantees an un-expiring option for the grantees to purchase the other half for $100.00 per acre.

Three of Appellants' transactions are relevant in this case. Appellees Carl and Mary Wagner purchased 19.148 acres directly from Appellants in 1978. James Wagner, Carl and Mary's son, is a subsequent purchaser. He owns two lots of 12.191 and 15.989 acres, which he bought in 2004 from Viking Sportsman's Club, Inc. Viking Sportsman had purchased the latter lot from Appellants in 1977, and the former from a married couple who, in turn, had bought it from Appellants in 1976. Identical option-contract language is included in the deed from Appellants to Carl and Mary Wagner, as well as the two other referenced deeds. The option language also was carried over to the deeds in the chain of title for James Wagner's two plots of land.

In 2008, when the price per acre for natural gas was around $3,000.00, the Wagners attempted to exercise their options. Appellants refused, causing this lawsuit. Appellants later joined the Law Firm as an additional defendant, claiming legal malpractice and breach of contract for Gleason's allegedly erroneous inclusion of the option language in the deeds. After the parties engaged in discovery, the Law Firm filed a motion for summary judgment, contending that the statutes of limitations expired decades ago. The trial court agreed, and granted the Law Firm's motion on June 27, 2012.[1] The Wagners also moved for summary judgment, contending that they were entitled as a matter of law to specific performance of the options to purchase. The trial court ruled in the Wagners' favor on June 28, 2013. This appeal followed.

On appeal, Appellants raise two issues with respect to the orders granting summary judgment in favor of the Wagners and the Law Firm. As to the Wagners, Appellants contend the trial court erred in ordering specific performance of the options to purchase because the term of the options to purchase were indefinite and therefore, the options were unconscionable and unjust. Second, Appellants contend the trial court erred in granting

_____

[1] Appellants filed an appeal from the trial court's order, docketed in this Court at No. 1336 MDA 2012. We quashed the appeal as interlocutory by a *per curiam* order filed August 20, 2012.

- 3 -

summary judgment to the Law Firm on the basis their claims for legal malpractice are barred by the statute of limitations.

We review an order granting summary judgment for an abuse of discretion or a clear error of law. ***Daley v. A.W. Chesterton, Inc.***, 37 A.3d 1175, 1179 (Pa. 2012). Our scope of review is plenary. ***Id.*** We must view the record in the light most favorable to the non-moving party, and must resolve all doubts as to the existence of a genuine dispute of material fact in its favor. ***Id.*** Summary judgment is appropriate if "there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law." ***Id.***; ***see*** Pa.R.C.P. No. 1035.2. A party opposing summary judgment who will bear the burden of proof at trial must produce "evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury." Pa.R.C.P. No. 1035.2(2).

In support of their first issue, Appellants argue that the trial court failed to consider whether ordering specific performance would be unconscionable because the option purchase price was too low and because the option language was included in the deeds by mutual mistake. Appellants contend the trial court failed to address whether specific

performance would be unconscionable. For the reasons that follow, we disagree.[2]

"Unconscionability has generally been recognized to include an absence of meaningful choice on the part of one of the parties together with the contract terms which are unreasonably unfavorable to the other party." **Wagner**, 571 A.2d at 1059 (quoting **Williams v. Walker-Thomas Furniture Co.**, 350 F.2d 445, 449 (D.C. Cir. 1965)). A "court of equity should not order specific performance where it appears that hardship or injustice will result to either of the parties." **Id.** at 1057. "However, inequity or hardship is not a valid defense if the hardship is due to the defendant's own acts or to events clearly foreseeable. Moreover, mere inadequacy of price, unless grossly disproportionate will not defeat specific performance." **Payne v. Clark**, 187 A.2d 769, 771 (Pa. 1963) (internal citations omitted); **see Steuart v. McChesney**, 424 A.2d 1375, 1378 (Pa. Super. 1981).

We reject Appellants' argument that specific performance of the options is unconscionable based on the purchase price. Appellants point only to the appreciation of the value of natural gas rights to support this part of their argument—and to no other factor. As the Wagners point out, the

---

[2] Preliminarily, although Appellants did not plead unconscionability as an affirmative defense, the trial court had a duty to consider it before granting equitable relief. **Wagner v. Estate of Rummel**, 571 A.2d 1055, 1058 (Pa. Super. 1990).

price per acre of natural gas has fluctuated greatly in the last 30 years. Accepting Appellants' argument—that purchase price alone may render specific performance unconscionable—would grant parties to option contracts a unilateral right to rescind the deal at the moment it becomes unfavorable.

Additionally, Appellants have not raised fraud, misrepresentation, or undue influence.[3] They do not claim that their real-estate transactions in the 1970s were contracts of adhesion, or that the purchasers exerted undue influence over them. Indeed, the evidence of record shows that Appellants were the more sophisticated parties to the transactions. Larry Knapp was a business-owner, the manager of a radio station, and the vice president of a small corporation. The agreements of sale were prepared by Appellants' realtor and the deeds were drafted by Appellants' lawyer. Carl and Mary Wagner had no lawyer.[4]

Cases cited by Appellants are distinguishable. In **Wagner**, the party who sought specific performance prepared the agreement with a purchase price clearly favorable to him, and the party seeking to avoid specific performance was "unsophisticated at best, if not illiterate, regarding business matters and legal documents." **Wagner**, 571 A.2d at 1059. As noted above, there is no evidence of undue influence here. Similarly,

_____

[3] We address mutual mistake below.

[4] There is no evidence of record regarding the initial sales of land for James Wagner's two plots.

specific performance in ***Barr v. Deiter***, 154 A.2d 290 (Pa. Super. 1959), was found to be unconscionable because significant improvements were made to the property—facts not present or applicable in this case.

We also reject Appellants' argument that specific performance is unconscionable because of mutual mistake. Appellants failed to meet their burden as a matter of law to prove mutual mistake.

> The doctrine of mutual mistake of fact serves as a defense to the formation of a contract and occurs when the parties to the contract have an erroneous belief as to a basic assumption of the contract at the time of formation which will have a material effect on the agreed exchange as to either party. A mutual mistake occurs when the written instrument fails to . . . set forth the "true" agreement of the parties.
>
> * * *
>
> A contract entered into under a mutual misconception as to an essential element of fact may be rescinded or reformed upon the discovery of the mistake if (1) the misconception entered into the contemplation of both parties as a condition of assent, and (2) the parties can be placed in their former position regarding the subject matter of the contract. In other words, mutual mistake occurs when a fact in existence at the time of the **formation** of the contract, but unknown to both parties, will materially affect the parties' performance of the contract.

***Step Plan Servs., Inc. v. Koresko***, 12 A.3d 401, 410 (Pa. Super. 2010) (quoting ***Hart v. Arnold***, 884 A.2d 316, 333 (Pa. Super. 2005)) (emphasis in original). Mutual mistake requires proof by clear and convincing evidence. ***Vonada v. Long***, 852 A.2d 331, 337 (Pa. Super. 2004).

Appellants rely only on Larry Knapp's uncorroborated assertion that Gleason made a literal deathbed confession of error in drafting the deeds, and a passage from Mary Wagner's deposition in which she testified that the

option language in the deed "could have been a mistake."[5]  Response of Defendants, Larry G. Knapp and Beverly M. Knapp in Opposition to Amended Motion for Summary Judgment Filed by Plaintiffs Carl P. Wagner, Mary Carol Wagner, and James R. Wagner, 8/24/12, Ex. E., Mary Carol Wagner Dep., 5/18/11, at 50-52.  Appellants have failed to point to any evidence showing that the alleged mistake was material to the agreement, or that it affected their assent to enter into the agreement.  Additionally, Appellants do not say how they and the Wagners can be placed in the positions in which they were

_____

[5] In context, Mary Wagner's testimony is as follows:

> Q. [by Defense Counsel] Now help me explain here—or understand here.  You acknowledge that the agreement of sale didn't say anything about the option; but then when Mr. Gleason explained to you that there was an option in the deed—explain to me or help me try to understand how you thought that option got included in there.
>
> A. Well, we had signed that previous paper in December or the previous January and—I mean, maybe we were stupid, that we should have, you know questioned it.  I don't know.  Call it inexperience.  I don't know.
>
> Q. But it could have been a mistake?
>
> A. It could have been a mistake.
>
> Q. And did you ask Mr. Gleason any questions about why that option was in there?
>
> A. The main thing we asked him was—well, we stated that we couldn't afford to do that right now; and he said, "Don't worry about it. You can do it any time."

Mary Carol Wagner Dep., 5/18/11, at 50-52.

in 1978. Accordingly, the record here falls woefully short of presenting clear and convincing evidence of mutual mistake.

Appellants further have never explained how they can assert mutual mistake against James Wagner—a subsequent purchaser who had no contractual relationship with Appellants. *See, e.g., MacKubbin v. Rosedale Mem. Park, Inc.*, 257 A.2d 587, 589 (Pa. 1969) ("Equity protects innocent purchasers by providing that a bona fide purchaser for value and without notice has a perfect defense in a suit brought by a holder of a prior equitable claim."). Clearly, they cannot.

Finally, we must reject Appellants' argument that the Wagners abandoned or waived their options. "A waiver in law is the act of *intentionally* relinquishing or abandoning some known right, claim or privilege. To constitute a waiver of legal right, there must be a clear, unequivocal and decisive act of the party with knowledge of such right and an evident purpose to surrender it[.]" *Brown v. City of Pittsburgh*, 186 A.2d 399, 401 (Pa. 1962) (internal citations omitted) (emphasis in original); *see MetroClub Condo. Ass'n v. 201-59 N. Eighth St. Assocs., LP*, 47 A.3d 137, 154 (Pa. Super. 2012). Furthermore, a person claiming implied waiver must show that he was misled and prejudiced thereby. *Brown*, 186 A.2d at 401. Abandonment requires proof by either words or conduct, of mutual assent to abandon, modify, or change the contract. *Barr*, 154 A.2d at 293; *accord Parking Author. of the City of Wilkes-Barre v. Ten E. S. St. Co.*, 788 A.2d 1096, 1100 (Pa. Cmwlth. 2001). The mere passage of

time does not give rise to a presumption of abandonment or waiver. **Barr**, 154 A.2d at 293. Abandonment and waiver are affirmative defenses, and the party claiming abandonment or waiver has the burden of proof at trial.[6] **Dougherty v. Thomas**, 169 A. 219, 223 (Pa. 1933).

Appellants baldly assert that the passage of time alone is conclusive proof of abandonment or waiver, but the case they cite in support, **Barr**, states just the opposite: "delay in pressing a claim . . . does not give rise to a conclusive presumption" of abandonment or waiver. **Barr**, 154 A.2d at 293. Rather, it is the *actions* of the parties combined with the passage of time that constitute abandonment or waiver. **See id.** In **Barr**, we affirmed a finding of waiver or abandonment because the plaintiff, who sought enforcement of an option to purchase realty, "knowingly permitted the expenditures of large sums of money and valuable improvements to be made on the property without saying or doing anything relative to the exercise of the option." **Id.** The plaintiff's conduct induced the defendant to believe that the option to purchase had been abandoned. **Id.** In this case, Appellants have failed to plead or produce any evidence of actions by the Wagners evincing abandonment or waiver, or any actions constituting reliance thereby on Appellants' part.

_____

[6] As affirmative defenses, abandonment and waiver must be pleaded in new matter. Pa.R.C.P.No. 1030. The Wagners did not raise Appellants' failure to plead abandonment and waiver in their answer with new matter.

To survive the summary judgment motion, it was incumbent upon Appellants—who bore the burden of proving their affirmative defenses at trial—to put forth evidence to support their claims. They did not do so. We therefore, hold that the trial court did not abuse its discretion in granting summary judgment to the Wagners.

We now turn to Appellants' contention that the trial court erred in granting summary judgment to the Law Firm by finding that the discovery rule did not toll the statute of limitations. The trial court charged Appellants with supine negligence because they did not read the deeds that they signed. Appellants argue the trial court erred in not holding that they could rely on their attorney's skill and competency. Appellants further argue that whether they should have read the deeds or understood the option language were questions of fact precluding summary judgment.

The statute of limitations applicable to Appellants' claim for breach of contract is four years, and the statute of limitations applicable to their legal malpractice claim is two years. 42 Pa.C.S.A. §§ 5525(a), 5524(7). Statutes of limitation begin to run when the causes of action accrue. *Id.* § 5502(a). The discovery rule tolls the statute of limitations "until the point where the complaining party knows or reasonably should know that he has been injured and that his injury has been caused by another party's conduct." *Coleman v. Wyeth Pharm., Inc.*, 6 A.3d 502, 510 (Pa. Super. 2010) (internal citation omitted). The discovery rule arises from "the *inability* of the injured, *despite the exercise of due diligence*, to know of the injury or its

- 11 -

cause." ***Hopkins v. Erie Ins. Co.***, 65 A.3d 452, 460 (Pa. Super. 2013) (quoting ***Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc.***, 468 A.2d 471 (Pa. 1983)) (emphasis in original). Due diligence is measured by an objective—rather than a subjective—test. ***Gleason v. Borough of Moosic***, 15 A.3d 479, 485-86 (Pa. 2011) (quoting ***Fine v. Checcio***, 870 A.2d 850, 858-59 (Pa. 2005)). Because due diligence involves a factual inquiry, it is normally a question for the jury. ***Id.*** However, where reasonable minds would not differ on whether a party has exercised due diligence, a court may determine that the discovery rule does not apply as a matter of law. ***Id.*** The party asserting the discovery rule bears the burden of proof. ***Id.***

The recording of a deed is constructive notice as to all of its contents, such that unrecorded deeds are presumed fraudulent. ***See*** 21 P.S. §§ 351, 357. For centuries, Pennsylvania law has provided that recording of a deed places all on notice to its contents. ***Weik v. Estate of Brown***, 794 A.2d 907, 910 (Pa. Super. 2002) (citing ***Salter v. Reed***, 15 Pa. (3 Harr.) 260 (1850)); ***see Levinz v. Wills***, 1 U.S. (1 Dall.) 430, 435 (Pa. 1789) (construing Pennsylvania's first recording statute,[7] and noting that recording

_____

[7] Act of May 28, 1715, 1 Sm. L. 94, *amended by* Act of Mar. 18, 1775, 1 Sm. L. 422 (collected, as amended, in scattered sections of 16 P.S. and 21 P.S.).

of a deed is "constructive notice to all men" of any encumbrances set forth in the deed).[8]

Here, the recording of the three deeds in the 1970s placed Appellants on notice that they did not contain a reservation of mineral, oil, and gas rights. Even if Appellants were not on actual notice of the deeds (because they did not read them),[9] they were on constructive notice of the deeds' contents as a matter of law once they were recorded.[10] If the deed was constructive notice to subsequent purchasers, mortgagees, and creditors; *a*

---

[8] In **Davis v. Monroe**, 41 A. 44, 44 (Pa. 1898), our Supreme Court stated that recording of a deed does not place the grantor on notice of its contents. But the case the **Davis** court cited, **Maul v. Rider**, 59 Pa. (9 P.F. Smith) 167 (1868), does not support that proposition. Rather, **Maul** held merely that recording of a deed is not constructive notice to *strangers* to title. **Id.** at 171. Furthermore, neither **Davis** nor **Maul** attempted to distinguish the earlier **Salter** case, in which the Supreme Court stated that the recording statutes are "intended for the benefit and security of the people generally." **Salter**, 15 Pa. at 263. Thus, in **Weik**, this Court noted, "[c]learly, the recording statute has been given effect beyond determining priority of title. It has been interpreted to give notice *to the public* of title transfer and the contents of a deed." **Weik**, 794 A.2d at 911 (emphasis added).

[9] It bears repeating that Appellants sold at least 15 plots of land in at least 10 separate transactions in the 1970s. None of the deeds that they signed honored their wish to reserve the, oil, gas, and mineral rights. None of the agreements of sale did so, either. One agreement purported to reserve "mineral rights" in Appellants, but the language was not carried over into the deed. At any rate, "mineral rights" do not include oil, gas, or shale gas rights. **Butler v. Charles Powers Estate ex rel. Warren**, 65 A.3d 885, 889 (Pa. 2013).

[10] The trial court did not consider the effect of the recording statute. However, this Court may affirm on any grounds supported by the record. **See, e.g., Liberty Mut. Ins. Co. v. Domtar Paper Co.**, 77 A.3d 1282, 1286 (Pa. Super. 2013).

*fortiori* it placed the grantors—Appellants—as parties to the transaction, on notice. **See Weik**, 794 A.2d at 910-11 (holding that recording of deed of sale placed plaintiff on constructive notice that defendant had breached plaintiff's option to purchase); **see also Clancy v. Recker**, 316 A.2d 898, 902 (Pa. 1974) (noting that recording of deeds placed subsequent purchaser, a corporation partially owned by grantor's decedent, on notice of restrictive covenant contained in deeds).

In their Reply Brief, Appellants respond to the Law Firm's recording-statute argument by contending that their causes of action did not accrue until 2008, when the Wagners attempted to exercise their options. Appellants claim that they did not suffer harm until then. Reply Brief at 8-9. We disagree.

A claim for legal malpractice accrues upon the alleged breach of duty. **O'Kelly v. Dawson**, 62 A.3d 414, 420 (Pa. Super. 2013); **see also Lefta Assocs. v. Hurley**, 902 F. Supp. 2d 559, 565-66 (M.D. Pa. 2012) (rejecting an argument that a claim for legal malpractice in drafting transactional documents does not accrue until the plaintiffs suffer harm because of the malpractice). And a claim for breach of contract accrues at the time of the breach. **See S.T. Hudson Eng'rs v. Camden Hotel Dev. Assocs.**, 747 A.2d 931, 934 (Pa. Super. 2000). In this case, the alleged breaches occurred in the 1970s, when Gleason drafted the deeds signed by Appellants. We cannot accept Appellants' argument, for it would allow claims of transactional legal malpractice to lie dormant indefinitely. Such a

ruling would defeat the purpose of the discovery rule, which requires plaintiffs to exercise due diligence to discover any causes of action they might have.

*Glenbrook Leasing Co. v. Beausang*, 839 A.2d 437, 441 (Pa. Super. 2002), cited by Appellants is distinguishable. In that case, a real estate partnership representing several physicians executed an agreement of sale to buy office space. The *agreement* included a covenant to reserve parking spaces for the partnership and its patients. *Id.* at 438. The *deed*, however, was silent on parking spaces. *Id.* The partnership sued its former attorney for malpractice for failing to include language about the parking spaces in the deed. We held that the statute of limitations did not begin to run when the partnership received the deed, because it could not be expected to know that the merger doctrine rendered the language in the agreement of sale a legal nullity. *Id.* at 441. Here, the issue of notice does not turn on the applicability of legal doctrines, but rather on the language of the deed and the effect of the recording statute. That is, the operative language is *present*, not absent in the deeds.[11]

---

[11] We note that the option language is also present in two out of the three agreements of sale at issue. The third agreement of sale, between Appellants and Mary and Carl Wagner, contains no option language, *i.e.*, under its terms, Appellants forfeited *all* oil, gas, and mineral rights to the land conveyed.

In this case, the deeds were recorded on three dates in the 1970s. The two- and four-year statutes of limitations thus expired decades ago. Appellants cannot toll the statutes of limitations through the discovery rule. The recording statute placed them on notice of the contents of the deed, and their failure to discover the injury at the time the deeds were recorded was unreasonable as a matter of law. Therefore, we agree with the trial court that Appellants' claims are time-barred.

We reject Appellants' final argument that the trial court intruded on the province of the jury by foreclosing application of the discovery rule. The cases cited above stand for the proposition that summary judgment is appropriate if no reasonable minds could differ regarding the plaintiffs' lack of due diligence. ***See, e.g., Gleason***, 15 A.3d at 485-86. Such is the case here.

In sum, we affirm the trial court's orders granting summary judgment to the Law Firm and the Wagners. The Wagners are entitled to specific performance of their options to purchase because Appellants failed to put forth sufficient evidence to sustain their burden of proving unconscionability or mutual mistake. Appellants are not entitled to tolling of the statutes of limitations for their claims against the Law Firm because they cannot invoke the discovery rule as a matter of law. The trial court therefore did not err in granting summary judgment, and its orders are affirmed.

Orders affirmed.

J-A07041-14

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/14/2014</u>